Peck J.
delivered the opinion of the court.
There are many points made in the cause, though perhaps it may not be necessary to notice any of them, except that on the charge of the circuit court declaring the constables levy void for vagueness and uncertainty.
It is insisted the description of the land, as the same is designated in the levy, is insufficient: “levied on the right, title, claim, and interest, that John Doak has in and to seventy acres of land lying on the waters of the west fork of Stones river; no personal property to be found, May the 12th, 1830.” The description necessary to be given of the land levied on, has not frequently been directly made a question in our courts; it might be difficult to lay down a general rule by which officers could be directed in making them, or the courts be governed in deciding upon them when made; in the *493 case before us, there is the quantity of land, the name of , \ . , , • the owner, and the water course whereon the same is situated.
There may not be certainty to every intent, nor is it necessary there should be in such a case; certainty to a general intent, such as would put the owner and purchasers upon inquiry, affording the means of complete information, is all that can be expected. But the levy of itself should not be laid hold of, because it is supposed not to point minutely to the estate set apart the for satisfaction of the debt. The advertisement should, and we may reasonably suppose has, with greater identity, fixed the locality. The officer is supposed to have done his duty, and the maxim, id certem est certain reddi potest, has application. The deed, we know usually follows, and amplifies the description in the advertisement; none of these should be inconsistent with the levy. If a case was presented where the description was inconsistent with the levy, where there was a want of fitness,’there, indeed, the court would look to the discrepancy with vigilance, to see that a fraud through such a guise should not be let in. This is not such a case.
The plaintiff had a right to his evidence; locality and boundary are questions for the jury. We cannot know but in the proof, particularly the advertisement which may be produced, but that the plaintiffs would have made that certain, which, from the return, might have appeared doubtful; still this is proof which might have been rebutted. On this point alone, we are of opinion the judgment must be reversed.
There is another point in the cause which may seriously affect the plaintiffs’ right under his execution, and that point is, to what time shall the lien relate; shall it relate to the levy, or shall it relate to the condemnation upon the return into court.
*494 'I his question, so far as I am informed, is new; and as it has not been debated, we will not gire a hasty opinion upon it.
Judgment reversed.